Filed 10/21/13  P. v. Garnica CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD DANIEL GARNICA,<br><br>        Defendant and Appellant. | C072017<br><br>(Super. Ct. No. NCR82220) |

Appointed counsel for defendant Richard Daniel Garnica asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error, we affirm the judgment.

An information charged defendant with mayhem (count 1; Pen. Code[1], § 203), corporal injury to a former cohabitant (count 2; § 273.5, subd. (a)), and assault with a deadly weapon (counts 3-5; § 245, subd. (a)(1)).  As to counts 1 and 2, it was alleged defendant personally used a deadly weapon.  (§ 12022, subd. (b)(1).)  As to counts 2 and

---

[1]     Undesignated section references are to the Penal Code.

3, it was alleged defendant personally inflicted great bodily injury under circumstances involving domestic violence.  (§ 12022.7, subd. (e).)  Defendant pled not guilty.

The prosecutor subsequently amended the information to add count 6, battery with serious bodily injury (§ 243, subd. (d)), and the allegation that defendant personally used a deadly weapon as to that count (§ 12022, subd. (b)(1)).  In return for an agreed maximum sentence of six years in state prison, defendant pled guilty to counts 4 and 6 and admitted the weapon use enhancement as to count 6; the remaining counts and allegations were dismissed.

The stipulated factual basis for the plea, taken from the police report, was as follows:  On July 22, 2011, Heath C., along with others, was invited by defendant's girlfriend to be a witness as defendant moved out of her home.  Defendant asked his girlfriend to let him stay.  She refused.  He started to yell at her.  Heath C. told him to leave.  Defendant took out a pocket knife, flicked the blade open, and tried to stab Heath C.  When Heath C. evaded the attempt, defendant's girlfriend, who was sitting directly behind Heath C., was slashed in the face from forehead to nose.  She screamed and ran inside.  Defendant chased Heath C. into the street with knife in hand, but he got away unharmed.  Defendant then turned to Jason C., who said he had called the police.  Defendant chased him with the knife, but he also got away unharmed.

The trial court thereafter imposed a six-year state prison sentence, consisting of four years (the upper term) on count 4, plus one year (one-third the midterm) on count 6, plus one year for the weapon use enhancement on count 6.  The court awarded 530 days of presentence custody credits (354 actual days and 176 conduct days).[2]  The court imposed an $800 restitution fine (§ 1202.4, subd. (b)), a suspended $800 restitution fine

---

[2]     Appellate counsel called the trial court's attention to the fact that, although defendant was sentenced on July 16, 2012, the award of credits was calculated as of July 9, 2012.  As a result, the trial court issued an order amending the abstract of judgment to reflect the correct credits of 541 days of presentence custody credits (361 actual days and 180 conduct days).

(§ 1202.45), an $80 court security fee (§ 1465.8), and a $60 criminal conviction assessment fee (Gov. Code, § 70373).[3]

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

            HOCH    J.

We concur:

   HULL   , Acting P. J.

   ROBIE   , J.

---

[3]   Rather than setting out the fines and fees at sentencing, the trial court said: "All fines, fees and orders will be as recommended." We have repeatedly reminded trial courts they are required to recite all fines and fees and to state the statutes under which they are imposed on the record. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200-1201.) We now do so again.